IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN HANKINSON

   Plaintiff,

-vs-

NCO FINANCIAL SYSTEMS, INC.,

   Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

# COMPLAINT

The Plaintiff, KAREN HANKINSON, sues the Defendant, NCO FINANCIAL SYSTEMS, INC. (hereafter, "NCO FINANCIAL"), and in support thereof respectfully alleges the following:

## JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant NCO FINANCIAL, in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§ 1331.

4. The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

5. Plaintiff, KAREN HANKINSON is and was at all material times a natural persons, over the age of eighteen (18), who reside in Saint Petersburg, Pinellas County, Florida.

6. Plaintiff is the "called party" with respect to the calls placed to her cellular telephone number, 727-743-9893, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014).

7. At all times material hereto, Defendant, NCO FINANCIAL was and is a corporation engaged in the business of collecting consumer debts within the State of Florida, with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

## FACTUAL ALLEGATIONS

8. At all times material hereto, Defendant NCO FINANCIAL sought to collect an alleged debt from Plaintiff that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

9. On or about February 22, 2012, Plaintiff filed a Voluntary Petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, in a case styled: In re: Patrick Joseph Hankinson and Karen Ruth Hankinson, Case No. 8:12-bk-02395-KRM, United States Bankruptcy Court, Middle District of

Florida (hereafter the "Subject Bankruptcy Action") (Dkt. 1), [1] wherein Plaintiff sought to discharge certain debts, including but not limited to the Subject Debt.

10. On February 25, 2012, a Certificate of Notice was filed identifying NCO FINANCIAL as a secured creditor with respect to same. (Dkt. 9). [2] This Certificate of Notice indicated that Defendant, NCO FINANCIAL was provided notice of the court scheduled Meeting of Creditors which was to take place on March 23, 2012. The Notice also provided a May 22, 2012 deadline for creditors to object to the debtor's discharge or to challenge dischargeability of certain debts and provided a deadline to Object to Exemptions thirty (30) days after the conclusion of the Meeting of Creditors. The Certificate of Notice, (Form B9A), also stated that the Subject Debt would be automatically stayed, indicating:

Creditors May Not Take Certain Actions:

> In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. **If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.** Consult a lawyer to determine your rights in this case.

The Certificate of Notice, (Form B9A), P. 2 (emphasis added).

11. In addition, the Explanation Section of the Certificate of Notice also provided creditors notice that: "[p]rohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. **Common examples of prohibited actions include contacting the debtor by telephone**, mail or otherwise to demand repayment; **taking actions to collect money or obtain property from the debtor**; repossessing the debtor's the debtor's

---

[1] A copy of the Bankruptcy Petition is attached hereto as Exhibit "A."
[2] A copy of the Certificate of Notice is attached hereto as Exhibit "B."

3

property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to exceed or impose a stay."

Id. P. 6. (emphasis added).

12.     On April 3, 2012, Plaintiff filed a Notice of Conversation of Case to Chapter 13 and served the Chapter 7 Trustee Christine L. Herendeen with the Notice (Dkt. 18). [3] On that same date, the Court issued an Order Converting the Subject Bankruptcy Action to a Chapter 13 bankruptcy. (Dkt. 19). [4]

13.     On April 5, 2012, a Certificate of Notice and Notice of Conversation of Case to Chapter 13 was filed, converting the Subject Bankruptcy to a Chapter 13 bankruptcy, discharging the Chapter 7 trustee and identifying NCO FINANCIAL as a secured creditor with respect to same. This Certificate of Notice indicated that Defendant, NCO FINANCIAL was provided notice of the court scheduled Meeting of Creditors which was to take place on May 7, 2012. The Notice also provided a deadline of August 6, 2012 to file a proof of claim. The Notice also provided a July 6, 2012 deadline for creditors to object to the debtor's discharge or to challenge dischargeability of certain debts. It also indicated that pursuant to 11 U.S.C. § 362(a) and § 1301(a), "[t]he petition and the order for relief act as a stay applicable to all entities, of certain acts and proceedings against the Debtor and the property of the Debtor and from the collection of a consumer debt from certain co−debtors." See 11 U.S.C. § 362(a) and § 1301(a). (Dkt. 25). [5]

---

[3] A copy of the Notice of Conversion of Case to Chapter 13 is attached hereto as Exhibit "C."
[4] A copy of the Order Converting Case to Chapter 11/12/13 is attached hereto as Exhibit "D."
[5] A copy of the Certificate of Notice and Notice of Conversion are attached hereto as Exhibit "E."

14. Defendant NCO FINANCIAL never filed any motion for relief from the stay under 11 U.S.C. § 362, in the Subject Bankruptcy.

15. Defendant NCO FINANCIAL sent Plaintiff correspondence dated July 7, 2012 in an attempt to collect $239.88 from Plaintiff, in violation of the stay implemented in the Subject Bankruptcy Action. [6]

16. On or about July 10, 2012, NCO FINANCIAL began initiating calls to Plaintiff KAREN HANKINSON's cellular telephone number, 727-743-9893, in an attempt to collect the above described alleged debt.

17. Thereafter, Defendant NCO FINANCIAL continued initiating calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the above described alleged debt.

18. Defendant NCO FINANCIAL intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff KAREN HANKINSON.

19. To date, Plaintiff KAREN HANKINSON has received approximately one hundred calls (100) calls on her aforementioned cellular telephone number from NCO FINANCIAL.

20. The telephone calls at issue were placed by NCO FINANCIAL using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential

---

[6] See copy of July 7, 2012 NCO FINANCIAL Correspondence attached hereto as Exhibit "F."

number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

21. That Defendant NCO FINANCIAL used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and an automated telephone dialing system.

22. Defendant NCO FINANCIAL initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone numbers without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

23. Additionally, none of the telephone calls at issue were placed by Defendant NCO FINANCIAL to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

24. Defendant NCO FINANCIAL consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

25. Defendant NCO FINANCIAL has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

26. Defendant NCO FINANCIAL willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

27. Despite actual knowledge of its wrongdoing, Defendant NCO FINANCIAL continued the campaign of harassment and abuse.

28. Defendant NCO FINANCIAL's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

29. Defendant NCO FINANCIAL corporate policy provided no means for the Plaintiff to have her number removed from the call list.

30. Defendant NCO FINANCIAL followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

31. Defendant NCO FINANCIAL has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

32. Defendant NCO FINANCIAL has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATION OF THE TCPA AGAINST NCO FINANCIAL

33. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (32), as if fully set forth herein.

34. None of the calls at issue were placed by Defendant NCO FINANCIAL to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

35. Additionally, none of the calls at issue were placed by Defendant NCO FINANCIAL to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

36. Defendant NCO FINANCIAL willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent.

37. The TCPA provides Plaintiff with a private right of action against Defendant NCO FINANCIAL for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff KAREN HANKINSON respectfully demands judgment against Defendant NCO FINANCIAL for statutory damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA AGAINST NCO FINANCIAL

38. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (32), as if fully set forth herein.

39. At all times material to this action Defendant NCO FINANCIAL was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

40. Defendant NCO FINANCIAL engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of her family with such frequency as can reasonably be expected to harass the Plaintiff.

41.     Defendant NCO FINANCIAL engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

42.     Defendant NCO FINANCIAL engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

43.     The actions of Defendant NCO FINANCIAL have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff KAREN HANKINSON respectfully demands judgment against Defendant NCO FINANCIAL for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170

Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
D.Mitchell@maneygordon.com
V.Marrero@maneygordon.com
Counsel for Plaintiff